UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
MAY 16 2023
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 5:23-cr-00047-LCB-HNJ |
| ) | |
| KENNETH DAVID TITTLE ) | |

## PLEA AGREEMENT

The government and the defendant hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to plead guilty to COUNTS TWO and THREE of the Indictment filed in this case and waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the government and through the undersigned Assistant United States Attorney, agrees to move to dismiss COUNTS ONE and FOUR at the time of the defendant's sentencing and to recommend the disposition specified below, subject to the conditions in section **VII**.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Possession of a Stolen Firearm, in violation of Title 18, United States Code, Section 922(j), as charged in COUNT TWO, is:

    A. Imprisonment for not more than 10 years;

    B. A fine of not more than $250,000, or,

    C. Both A and B;

    D. Supervised release of not more than 3 years; and

    E. special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for Possession of a Machine Gun, in violation of Title 18, United States Code, Section 922(o), as charged in COUNT THREE, is:

    A. Imprisonment for not more than 10 years;

    B. A fine of not more than $250,000, or,

    C. Both A and B;

    D. Supervised release of not more than 3 years; and

    E. special assessment of $100.

### II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at

Defendant's Initials ___

the trial of this case:

In February, 2020, agents of the FBI received information that Kenneth David Tittle and other individuals had gone onto abandoned property and discovered a large cache of firearms, many of which were automatic. The information was that Tittle and others had gone to this property and stolen a number of these weapons. The preliminary investigation confirmed that Tittle was in possession of automatic weapons, *i.e.*, machine guns. Law enforcement continued its investigation into this information and Tittle's activities.

A search warrant at Tittle's residence in Hartselle, Alabama was executed on March 16, 2020. Numerous firearms, including at least two machine guns were recovered from Tittle's property. These are the firearms specifically referenced in Counts Two and Three of the indictment. Numerous other firearms were also recovered. Tittle was taken into custody and interviewed. He was advised of and waived his Miranda rights.

Tittle said that several years prior to this, he met an individual who claimed to have been a U.S. agent or deputy marshal and to having been friends with the president. This individual told Tittle that he had a large number of firearms, including automatic weapons, and military equipment on his property in Morgan County. Law enforcement was able to confirm the location of this property which was extremely overgrown.

Tittle said that, a few weeks prior to the execution of the search warrant at his residence, he and a friend, David Joe Perkins, had gone onto the property in the middle of the night. They discovered a locked tractor trailer and broke into it. Inside, they found a very large number of firearms, including machine guns. Many of the weapons had some wear and disrepair due to the fact that they had obviously been in the trailer for a long time. Tittle and Perkins took approximately 25 to 30 of the firearms at that time and divided them. The two had plans to return to steal more firearms and other items they found, but Perkins got sick, and they did not go back together. Tittle admitted to the firearms on his property having been stolen from the Morgan County property.

Also on March 16, 2020, having identified the property from which the firearms and machine guns may have been stolen, law enforcement searched it. They did this pursuant to the owner/occupant's widow's permission. She said that she did not give anyone permission to go onto the property or take anything. She said that

she did not know about all the weapons. She talked in detail about her deceased husband's odd activities and involvement with firearms on the property. On the property, agents found the abandoned trailer, gun safes, and barrels which appear to have contained explosive material. The property was extremely overgrown and had obviously been owned by someone who was very interested in firearms and military equipment.

Also, at this point in the investigation, law enforcement was advised by a Madison County detective that he was familiar with David Joe Perkins. He said that he had executed a search warrant on Perkins' residence on February 28, 2020, concerning an unrelated burglary and that, in addition to evidence of that burglary, numerous firearms had been at the residence, some of which were confiscated. In looking at the firearms which were recovered, agents determined that they were consistent with the kinds of weapons stolen from the abandoned property. When this warrant was executed, Perkins also had a .25 caliber derringer in his pocket. It was also determined that Christopher Troy Adair, a relative of Perkins, lived with him ]and had also been present when this search warrant was executed.

An additional search warrant was obtained for Perkins' property for firearms and evidence which may have been stolen from the abandoned property, but which had not been taken. This search warrant was executed on April 2, 2022. At that time, agents found numerous firearms, including at least two machine guns. These are the machine guns charged in Count Eight of the indictment. The investigation revealed that many of the firearms recovered from Perkins' residence had been stolen from the Morgan County property. Further, the investigation showed that Perkins had returned to the property, including with Christopher Troy Adair, without Tittle and stolen numerous additional firearms and other items.

All of the firearms listed in the indictment were manufactured outside Alabama. The Machine guns have been tested by the FBI laboratory and are fully automatic.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or**

any co-conspirators may have committed.

_____
KENNETH DAVID TITTLE

## III. RECOMMENDED SENTENCE

Subject to the limitations in section VII regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A. That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B. That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term at the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

C. That following the said term of imprisonment, the defendant be placed on supervised release for a period of years to be determined by the Court in its discretion, subject to the Court's standard conditions of supervised release;

D. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

E. That the defendant pay a special assessment of $200, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

A. STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.**

Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal were authorized by statute.

**I hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs and that I am knowingly and voluntarily entering into this waiver.**

_____
KENNETH DAVID TITTLE

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guidelines range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON THE COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT**, and

that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATIONS

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years or in which the defendant has or had, during that time, any financial interest;
- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;
- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release

of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those

counts, should there be any, and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant

nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is removal, automatic removal, or deportation from the United States.

## XIII. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 15 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here (Write "N/A" if none):

_N.A._
_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

5-16-23
DATE

_[signature]_
KENNETH DAVID TITTLE
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

5-16-23
DATE

_[signature]_
MICHAEL T. TEWALT, Esq.
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

DATE 5/16/23

RUSSELL E. PENFIELD
Assistant United States Attorney